## PORTER v. MURRAY.

### No. 9384; August 24, 1886.

#### 12 Pac. 425.

**Forcible Entry and Detainer—Joining Wife of Principal Defendant—Describing Premises.**—A complaint in an action of forcible entry and detainer is not obnoxious to a demurrer as not stating facts sufficient to constitute a cause of action which sets up the plaintiff's ownership of certain described premises, his possession thereof on a day named, the unlawful entry of the defendants thereon on that day, and their forcible detainer thereof up to the time of bringing the action. Nor is it demurrable for joining the wife of the principal defendant as a party defendant, nor because it sets out one cause of action in several distinct counts, and only describes the premises in the first one.[1]

**Forcible Entry and Detainer—Stranger Entering Between Going Out of Tenant and Entry of Landlord.**—In an action of forcible entry and detainer, where the testimony for plaintiff tends to show that on a certain day the plaintiff's agent received notice that plaintiff's tenant would vacate the premises on the following day; that on that day at 8:30 A. M., the agent was on hand to take charge of the premises, and was told by the tenant's wife that the tenant would not go out until 1:30 P. M. of that day; that at 12:30 P. M. the agent returned and found one of the defendants in the house, with the windows and doors barricaded, and threatening to shoot the agent if he attempted to enter—a motion for a nonsuit was properly denied.

**Forcible Entry and Detainer—Findings.**—Where, in such an action, that findings show that, on the day mentioned in the complaint, the plaintiff was in the peaceable possession of the premises; that on that day the defendants wrongfully entered thereon, and have ever since forcibly detained possession thereof from the plaintiff; and the facts thus found, together with the admissions contained in defendants' answer, make out a cause of action alleged in favor of the plain-

---

[1] Cited in the note in 121 Am. St. Rep. 371, on civil action for forcible entry and detainer.

Cited in Wilson v. Carson, 14 Cal. App. 572, 112 Pac. 736, and distinguished from that case in that in the latter forcible entry and detainer would not lie, the defendant having been in quiet possession for more than a year before the institution of proceedings.

tiff—it is no cause of complaint on the part of defendants that the court did not find the facts in as many ways as they were set out in the complaint.[2]

APPEAL from Superior Court of San Francisco.

Forcible entry and detainer.

This action was brought under the provisions of the California Code of Civil Procedure respecting forcible entries and unlawful detainers: Sec. 1159 et seq. The property is a small lot in San Francisco, California, and is the same property that was involved in the case of Murray v. Green, 64 Cal. 363. The complaint set out the one cause of action in four separate counts, to each of which a demurrer was interposed. One ground of demurrer to each count was that it did not state facts sufficient to constitute a cause of action. The second, third, and fourth counts were demurred to for uncertainty in not repeating the description of the land given in the first count. Each count was demurred to for the misjoinder of Mrs. Lawler as a defendant. The demurrer was overruled. Defendants answered, and a trial was had. Defendants' counsel made motions for a nonsuit on behalf of each defendant, which were all denied. Findings were filed, and judgment went for plaintiff. Defendants appealed from the judgment. Objection is made to the findings, because, of the four causes of action stated separately in the complaint, there are no findings as to any one of them, but the findings are a medley of some parts of them all.

A. L. Rhodes for plaintiff and respondent; Matt I. Sullivan and E. A. Lawrence for defendants and appellants.

ROSS, J.—The demurrer was properly overruled. The findings show that, on the day mentioned in the complaint, the plaintiff was in the peaceable possession of the property, and

---

[2] Cited in the note in 121 Am. St. Rep. 389, on civil action for forcible entry and detainer.

Cited in Ellis v. State, 124 Ga. 93, 52 S. E. 148, as authority for saying that by the departure of the tenant at the end of his term, the landlord is to be regarded as in possession, even though not going into actual occupancy.

that on that day, during his absence, Murray wrongfully entered thereon, and has ever since forcibly detained possession thereof from the plaintiff. As there was no omission to find upon any material fact set up by the defendants, and as the facts found by the court, together with the admissions contained in the answer, sustain a cause of action alleged in favor of the plaintiff, defendants have no just ground of complaint because the court did not find the facts in as many different forms as the plaintiff, out of abundant caution, thought it best to employ in the statement of his cause of action.

In respect to the defendants Lawler and wife, it appears from the pleadings that they entered under Murray, and, together with him, detain the possession of the property from the plaintiff.

The motion for nonsuit was properly refused. The testimony on the part of the plaintiff tended to show that on the afternoon of the 14th of August, plaintiff's agent received notice that the tenant of the plaintiff, who had occupied the premises for many months, would vacate the premises the following day; that plaintiff's agent went to the premises at 8:30 A. M. on the 15th, and was informed by the wife of the tenant that they would not move out before 1:30 that day; whereupon she was informed by the agent that at 12:30 he would be there to take charge of the premises, and promptly at that hour he was on hand, when he found Murray in the house, with the windows and doors barricaded, and threatening to shoot the agent if he attempted to enter. Manifestly, when the tenant quit, the landlord was restored to the possession. It would be a monstrous doctrine to affirm that the landlord does not get possession of the premises upon the expiration of his tenant's lease if some third party can slip in between the moving out of the tenant and the moving in of the landlord. Judgment affirmed.

We concur: Myrick, J.; McKinstry, J.