[Civ. No. 858. Second Appellate District.—November 22, 1910.]

## L. L. WILSON, Appellant, v. G. W. CARSON, Respondent.

UNLAWFUL DETAINER—POSSESSION BY STRANGER AFTER END OF LEASE—REMOVAL OF TENANT—ABSENCE OF COLLUSION—SUPPORT OF FINDINGS.—Where the theory of an action of unlawful detainer was that defendant took possession of plaintiff's premises by collusion with the lessee, and issue was joined thereupon, and the only evidence upon the subject was that of the defendant, who testified that the lessee removed from the premises at the end of the lease, and that defendant's possession was not taken with the lessee's inducement or consent, and had no relation whatever to the lease, findings for the defendant, based upon such testimony in the absence of any contradiction thereof, are fully supported by the evidence.

ID.—ESTOPPEL OF TENANT AND PRIVIES—STRANGERS NOT BOUND.—The rule of estoppel which prevents a tenant and those claiming under him from denying the landlord's title does not bind a stranger who claims possession of the land in his own right, and does not enter under the tenant or use the tenant's possession as a means of acquiring the possession for himself.

ID.—REMEDIES—UNLAWFUL DETAINER—ABSENCE OF TENANCY—FORCIBLE ENTRY AND DETAINER—POSSESSION OVER A YEAR.—The remedy of unlawful detainer cannot be maintained under section 1161 of the Code of Civil Procedure against one who does not hold either under the landlord nor his tenant. Nor can the remedy of forcible entry and detainer be maintained under section 1172 of that code against a stranger who has been in the quiet possession of the premises for a period of more than one year.

APPEAL from a judgment of the Superior Court of Imperial County, and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Shaw & Dyke, for Appellant.

Conkling & Brown, for Respondent.

SHAW, J.—Action of unlawful detainer. Judgment went for defendant, from which, and an order denying plaintiff's motion for a new trial, he prosecutes this appeal.

It appears that plaintiff, on or about January 1, 1907, leased the premises in question to one M. J. Alexander; that on September 25, 1907, and after the termination of the period for which the premises were leased to Alexander, he removed therefrom, leaving the premises vacant and unoccupied; that two days later, to wit, on September 27, 1907, and while the premises were thus vacant and unoccupied, defendant entered upon and took possession of the premises and continued to hold possession thereof down to the time of the institution of this action, more than a year thereafter. The action is based upon the theory that defendant acquired possession through collusion with Alexander. The complaint alleged: "That on said last-named day defendant entered into possession of said premises by the consent and inducement of said M. J. Alexander, and with full knowledge of said lease and of the circumstances under which said Alexander entered into possession of said property, and of said tenancy, and the defendant ever since said last-mentioned date has been in possession of said premises, and said defendant continues to hold and occupy the same." This allegation was denied.

The court made findings to the effect that defendant knew that during the time that Alexander held and occupied the land such possession was under and by virtue of the lease from plaintiff, but that defendant's entry and occupancy thereof was not by reason of being induced so to do by Alexander, nor with the latter's consent, and that defendant's entry and occupancy bore no relation whatever to the lease. The only evidence offered touching the subject is that of defendant. His testimony not only fully supports the finding, but in the absence of any contradiction thereof, the court could not have well found otherwise. The contention that the findings are unsupported by the evidence is wholly without merit.

Conceding the finding not obnoxious to the objections urged, appellant insists upon a reversal of the judgment upon the principle of estoppel which prevents a tenant and those holding under him from denying the landlord's title. Such estoppel, however, "does not bind a stranger who claims the land in his own right, and does not enter under the tenant or use the tenant's possession as a means of acquiring the

possession himself." (18 Am. & Eng. Ency. of Law, p. 418.) From all that appears to the contrary, defendant may have owned the land by *fee simple* title and the entry have been made under an assertion of a rightful claim thereto. At all events, the findings negative any interpretation which would justify the conclusion of the existence of collusion between defendant and the tenant whereby the latter's possession was used as a means of defendant acquiring possession of the premises. The case of *Porter* v. *Murray* (Cal.), 12 Pac. 425, cited by appellant, was a proceeding in forcible entry and detainer, an action which would not lie in this case for the reason, if for no other, that it appears defendant had been in the quiet possession of the premises for a period of more than one year prior to the institution of the suit (Code Civ. Proc., sec. 1172), and hence that case is not in point.

The record discloses no error, and the judgment and order appealed from are therefore affirmed.

Allen, P. J., and James, J., concurred.